J-S06031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY WHITE | : | |
| | : | |
| Appellant | : | No. 2745 EDA 2023 |

Appeal from the PCRA Order Entered September 6, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002346-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 21, 2024**

Larry White ("White") appeals from the order denying his first petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the following factual and procedural history:

> []White[] was convicted of a DUI following a trial held [i]n
> August [] 2021.  He was acquitted of an [e]ndangering the
> [w]elfare [of a child] charge [apparently brought under a separate
> docket number and tried jointly with this case].  [White] was
> subsequently sentenced [i]n November [] 2021 to a total period
> of incarceration of not less than 18 months[] nor more than 60
> months. The Commonwealth filed a post-sentence motion . . . to
> clarify that it opposed [White's] consideration for acceptance into
> the [s]tate [d]rug [t]reatment [p]rogram.  [The court] filed [on]
> November 30, 2021[] an [a]mended [o]rder . . . noting the
> Commonwealth's objection to the [s]tate [d]rug [t]reatment
> [p]rogram.  [White] did not file post-sentence motions or an
> appeal. [White later] filed a timely PCRA [petition] on December
> 27, 2022.  Counsel was then appointed to represent [White], and
> an [a]mended PCRA [petition] was filed.  . . ..

_____

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

[White] was represented at trial by court-appointed counsel, Janet Catina, Esquire [("Attorney Catina")]. [White] contends that he requested Attorney Catina to . . . appeal his conviction, but that Attorney Catina failed to do so. He seeks relief to restore his appellate rights to raise a sufficiency of evidence challenge and a weight of the evidence challenge. . . ..

The central issue here is whether [White] requested Attorney Catina file an appeal on his behalf [who] failed to do so. At the hearing on the PCRA [petition], [White] testified that he wanted to appeal his conviction. He was incarcerated immediately after the trial and through sentencing. He testified that he tried to call Attorney Catina several times from the jail to tell Attorney Catina that he wished to appeal. [White] said he never reached Attorney Catina directly, and only received a voice message. He stated he could not leave a message since he was calling from the jail. [White] said he had his parents also try to call Attorney Catina, but received no response. [White's parents did not testify at the evidentiary hearing. White] stated he did not speak with Attorney Catina following his sentencing until October 2022, a period of nearly one year, when he was already at SCI Laurel Highlands serving his sentence. [White] admitted [had been] aware of his post-sentence rights to file a motion for reconsideration and the time period to file an appeal.

Attorney Catina testified she went over the post-sentence rights with [White], including his appeal rights, at time of sentencing. Attorney Catina stated she was available by phone and mail, both of which [White] was aware. Attorney Catina did not recall any phone calls, messages or mail requesting an appeal. Attorney Catina did not recall [White] requesting an appeal immediately following entry of the verdict when they were together in person. Attorney Catina did not recall [White] stating at sentencing that he wanted to appeal when they were together in person. Attorney Catina said that after the verdict and also at sentencing, [White] did not voice displeasure with the result. She said he would have preferred not to have been convicted of the DUI, but was relieved for the acquittal as to the [e]ndangering the [w]elfare charge. Attorney Catina stated [White] did not request her to file a motion for a new trial, and that if he had, she would have advised him of the risks of a re-trial. Attorney Catina did not recall any other discussion with [White] about filing post-sentence

motions or . . . a direct appeal. Attorney Catina also noted that she had weekly hours at the Monroe County Correctional Facility where [White] was located until transfer to an SCI, and [White] never sought her out to speak with her at the jail about an appeal.

PCRA Court Opinion, 9/6/23, at 1-4. Following the evidentiary hearing, the PCRA court denied White's petition. *See* Opinion and Order, 9/6/23. White timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

White raises the following issue for our review:

Whether the [PCRA c]ourt erred in denying [White's] amended PCRA motion that sought to reinstate his appellate rights *nunc pro tunc* in order to (a) raise a sufficiency of the evidence challenge on appeal, and (b) weight of the evidence challenge on appeal to ask for a new trial, when [White] testified that he attempted to contact his defense counsel and that he had requested to file an appeal.

White's Brief at 3.[2]

Our standard of review of an order denying PCRA relief is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

_____

[2] We note with disapproval that the Commonwealth has failed to file an appellate brief.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).  "Moreover, we must conduct our review in the light most favorable to the prevailing party, in this instance, the Commonwealth." *Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023) (internal citation omitted).  Lastly, the PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (internal citations omitted).

In his issue, White asserts the trial counsel was ineffective for failing to file a direct appeal. In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel.  *See* 42 Pa.C.S.A § 9543(a)(2)(ii); *see also Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa. Super. 2016).[3]  Where there is an unjustified failure to file a requested direct appeal, trial counsel is *per se* ineffective, because the

---

[3] To prevail on an ineffectiveness claim, the petitioner has the burden to prove: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance."  *Benner*, 147 A.3d at 920 (internal citations and quotations omitted).  The failure to satisfy any of these prongs is fatal to a petitioner's claim.  *See id*.  Additionally, counsel is presumed effective.  *See id*.

defendant is left with the functional equivalent of no counsel. ***See Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa. Super. 2011). However, to establish *per se* ineffectiveness, a defendant **must still prove that he asked counsel to file a direct appeal**. ***See id***. Where there is no request for counsel to file a direct appeal, counsel cannot be *per se* ineffective for failing to file a direct appeal. ***See id***. at 716. Where a PCRA petitioner's uncorroborated claims "amount to a bare assertion that we should disregard the credibility determinations of the PCRA court" regarding whether he sought to file a direct appeal, we are bound by the PCRA court's findings. ***See Commonwealth v. Mojica***, 242 A.3d 949, 956 (Pa. Super. 2020).[4]

White argues the PCRA court erred in dismissing his PCRA petition because he established trial counsel was ineffective for failing to perfect a direct appeal. White maintains he attempted to contact Attorney Catina to

---

[4] Additionally, counsel is obliged to make a "reasonable effort to discover the defendant's wishes" regarding an appeal, and where there are issues that counsel, "through procedural maneuvering, explicitly preserved" for appeal, there is a duty to consult with the defendant about the advantages and disadvantages of an appeal. ***See Commonwealth v. Green***, 168 A.3d 173, 177-78 (Pa. Super. 2017). That is, counsel has a duty to consult about an appeal if counsel has reason to believe either (1) a rational defendant would want to appeal (because, for example, there are non-frivolous grounds for appeal), or (2) this specific defendant has "reasonably demonstrated to counsel that he was interested in appealing." ***See id***. at 178.

request her to file a direct appeal, but was unable to reach her. ***See*** White's

Brief at 14-15.[5],[6]

The PCRA court considered White's issue and concluded it merited no

relief:

> [White] has the burden to prove that he wanted to file post-sentence motions and/or appeal, that he expressed this to [Attorney Catina], and that [she] failed to do so. In this case, [the court] believe[s White] did try to call counsel, that the call(s) went unanswered, and that he was unable to leave a message. However, [the court has] no convincing proof that [White's] parents called or had the same difficulties in leaving a message, or that they did leave a message, but were not called back. Nor was there any testimony that [White's] parents conveyed his wish to appeal to Attorney Catina. There also was no convincing

---

[5] White also implies Attorney Catina was ineffective for the same reasons vis-à-vis her asserted failure to file a post-sentence motion challenging the weight of the evidence. ***See*** White's Brief at 16-18. However, as in White's statement of question involved, the entirety of his argument is directed toward reinstatement of his right to appeal *nunc pro tunc* rather than the separate issue of reinstatement of his right to file post-sentence motions *nunc pro tunc*. ***See***, ***e.g.***, ***Commonwealth v. Fransen***, 986 A.2d 154, 157-58 (Pa. Super. 2009) (noting that reinstatement of right to file post-sentence motions *nunc pro tunc* is separate from reinstatement of right to file a direct appeal *nunc pro tunc*). Thus, White has waived his argument that he is entitled to relief based on Attorney Catina's failure to file a post-sentence motion, and we will not address it on appeal. ***See Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017); ***see also*** Pa.R.A.P. 2116(a), 2119(a).

[6] We note that White argues, in passing, in his appellate brief that Attorney Catina had a duty to consult about an appeal which she violated. ***See*** White's Brief at 15-16. White did not raise his duty to consult argument in his PCRA petition, but instead relied solely on his *per se* ineffectiveness claim. ***See*** Amended PCRA Petition, 6/30/23, at ¶¶ 11-13. It is waived on this basis. ***See Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (stating that "[i]t is well-settled that issues not raised in a PCRA petition cannot be considered on appeal") (internal citation and quotations omitted).

evidence [White] sent correspondence to Attorney Catina requesting an appeal. There was no evidence that [White] stated to Attorney Catina immediately following his conviction at trial, or again at sentencing, that he wished to appeal. *__Attorney Catina was credible in her testimony that she went over [White's] appeal rights with him at time of sentencing, and that he did not voice anything about appealing to her at that time, prior thereto, or at any time thereafter within the applicable appeal timeframe.__* . . ..

While [White] had time after trial and after sentencing to change his mind, and could have sought to have counsel file post-sentence motions and/or a direct appeal, his only evidence of that was his testimony that he called Attorney Catina's office, received no answer, and left no message. From his testimony, it was unclear whether these calls were made prior to sentencing, after sentencing, or both, but we assume it was after sentencing. . . ..

PCRA Court Opinion, 9/6/22, at 3-4 (emphasis added).

Following our review, we conclude the PCRA court's findings are supported by the record and its legal conclusions free of error. Attorney Catina, whose testimony the PCRA court credited, testified that, after sentencing, she went over White's post-sentence rights form with him and advised him of his options. *See* N.T., 8/28/23, at 11.[7] At no point during their joint review of White's post-sentence rights form did White tell her he wanted to file an appeal. *See id*. Attorney Catina received no other communications from White during the appeal period. *See id*. at 12. She testified she was available by phone and would have received mail if anything

_____

[7] White later conceded he knew about the right to file a motion for reconsideration and to appeal. *See* N.T., 8/28/23, at 7.

was sent to her.  *See id*.  Thus, because White never asked Attorney Catina

to file a direct appeal, she cannot be ineffective *per se*.  ***See Markowitz***, 32

A.3d at 715.[8]  For these reasons, White is due no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/21/2024

_____

[8] While White's duty to consult argument is waived for the reasons stated in ***supra*** n.6, even if preserved, it would be meritless.  White incontrovertibly did not reasonably demonstrate to Attorney Catina that he was interested in appealing, thus, no duty to consult was triggered on this basis.  ***Cf***. ***Green***, 168 A.3d at 178.  Similarly, Attorney Catina had no duty to consult because this was not an instance in which a rational defendant would necessarily want to appeal, since White articulated to Attorney Catina no displeasure with his verdict, given he was acquitted of endangering the welfare of a child, and Attorney Catina testified she "would have been surprised" if White had desired to appeal.  ***See*** N.T., 8/28/23, at 12, 13-14; ***cf***. ***Green***, 168 A.3d at 178.